(27 Misc. Rep. 71.)

## PEOPLE ex rel. LIATTO v. DUNN.

(Supreme Court, Special Term, New York County. April, 1899.)

PROCESS—FICTITIOUS NAME—ARREST.

Under Code Civ. Proc. § 2884, providing that where plaintiff is ignorant of the name of defendant he may designate him in the summons by a fictitious name, where plaintiff designates a defendant's surname as "Litto" giving a fictitious Christian name, he cannot, after default, arrest one "Liatto," since he must stand by the surname given.

Application by the people, on relation of Frank Liatto, against Thomas J. Dunn, as sheriff, for the discharge of the former on a writ of habeas corpus. Granted.

Bachrach & Levy (Moses I. Falk, of counsel), for petitioner.
L. W. Harburger, for Adolph Teitilbaum, opposed.
Philip J. Britt, for defendant.

TRUAX, J. Section 2884 of the Code of Civil Procedure provides that, where the plaintiff is ignorant of the name or part of the name of a defendant, defendant may be designated in the summons by a fictitious name, or by so much of his name as is known, adding a description to identify the person intended. In this case the plaintiff saw fit to designate the defendant by the name of "Joseph Litto," and to state in the summons that the first name was fictitious, the real name being unknown to plaintiff. The plaintiff obtained judgment in the above-named action, and has issued execution thereon, and arrested one "Frank Liatto." The judgment was obtained by default. Under this judgment the plaintiff had no right to arrest Frank Liatto. The plaintiff herein claimed that the surname of the defendant was "Litto," and stated that the only part of the defendant's name that he did not know was his Christian name, and he must stand or fall by the correctness of his position in that respect. Gannon v. Myars, 11 Civ. Proc. R. 187.

Writ is sustained, with costs, and the prisoner discharged.